UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADAM CIARAMITARO,

                Petitioner,                Case Number 1:08-CV-10299
                                                                    Honorable Thomas L. Ludington

v.

TOM BIRKETT,

                Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Ciaramitaro, currently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner was convicted following his guilty plea in the Macomb Circuit Court of second-degree criminal sexual conduct, M.C.L. § 750.520c(1)(a), and gross indecency between a male and female, M.C.L. § 750.338b. Petitioner was sentenced to concurrent prison terms of eighty-six to one hundred eighty months for the criminal sexual conduct conviction and seventeen to sixty months for the gross indecency conviction. Petitioner alleges that his Sixth Amendment rights were violated when he was sentenced based on facts not admitted by him nor proven to a jury beyond a reasonable doubt. For the reasons provided below, the Ciaramitaro's petition will be denied.

---

[1]When Petitioner originally filed his petition for a writ of habeas corpus, he was incarcerated at the Pine River Correctional Facility, but that facility has since been consolidated with another facility into the Central Michigan Correctional Facility. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner is the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 U.S.C. § 2254. Therefore, the Court substitutes Warden Tom Birkett in the caption.

I

Petitioner was originally charged in Macomb Circuit Court with first-degree criminal sexual conduct, second-degree criminal sexual conduct, and distributing obscene material to a minor. Pursuant to a plea agreement, Petitioner plead guilty to second-degree criminal sexual conduct and an added charge of gross indecency between a male and a female.

At the plea hearing, Petitioner testified that he rubbed his genitals against the seven-year-old victim and that on another occassion he allowed the victim to watch him masturbate. Plea. Tr. at 10-12. At the subsequent sentencing hearing, the sentencing information report - relied upon by the sentencing judge - specified additional acts of sexual contact between Petitioner and the victim.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals that raised three claims:

> I. Due process requires that defendant be afforded an evidentiary hearing to contest allegations in the pre-sentence report that were used to enhance his sentence and to correct these material inaccuracies before this report is used by the department of corrections.
>
> II. Defendant Ciaramitaro was denied due process where the trial court rulings on the sentencing guidelines were based on insufficient evidence.
>
> III. Defendant is entitled to resentencing because the statutory sentencing guidelines range was enhanced by the scoring of offense variables based on facts not proven to a jury beyond a reasonable doubt nor admitted by the defendant in support of his guilty plea, in violation of the Sixth and Fourteenth Amendments of the Unites States Constitutions.

The Court of Appeals issued an order denying leave to appeal "for lack of merit in the grounds presented." *People v. Ciaramitaro*, No. 272827 (Mich. Ct. App. Oct. 10, 2006). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court that raised the same

claims. The Michigan Supreme Court denied leave to appeal. *People v. Ciaramitaro*, No. 132346 (Mich. Sup. Ct. Jan. 29, 2007).

Petitioner has now filed the instant petition, raising the following single claim:

Petitioner was denied due process of law when the judge's rulings, on the offense variables of the sentencing guidelines and disputed factual information in the presentence report, were based on facts not proven to a jury beyond a reasonable doubt nor admitted by Petitioner in support of his guilty plea, in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

## II

Federal law provides for the issuance of a writ of habeas corpus for a prisoner in custody pursuant to the judgment of a state court if the prisoner's continued detention violates the Constitution or laws of the United States. 28 U.S.C. § 2254(a). If a particular habeas claim was previously adjudicated in a state court, it should not be granted unless the state court adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *Harpster v. Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court decision but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 413. A

federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

### III

Petitioner's only claim is that the trial court improperly based Petitioner's sentence on facts that were not submitted to a jury and proven beyond a reasonable doubt or conceded by Petitioner at the plea hearing contrary to *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Petitioner's claim is foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*. 585 F.3d 1000, 1002 (6th Cir. 2009)("[The petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* [536 U.S. 545, 563 (2002)] resolved that *Apprendi's* rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."); *see also Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010) (holding that the *Blakely-Apprendi* rule does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing). Because Petitioner's sentence fell within the statutorily-authorized maximum penalty of fifteen years imprisonment, which was not enhanced by judicial factfinding, no Sixth Amendment violation occurred. Petitioner has failed to state a claim upon which federal habeas relief may be granted on this issue.

## IV

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Petitioner should not be permitted to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## V

Accordingly, it is **ORDERED** that Ciaramitaro's petition for writ of habeas corpus is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED**.

s/ Thomas L. Ludington
Honorable Thomas L. Ludington
United States District Judge

Dated: January 5, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 5, 2011.

s/Tracy A. Jacobs

---